# A COMPLAINT UNDER THE CIVIL RIGHTS ACT,
## 42 U.S.C. § 1983

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

Gary Boudreaux   Inmate DOC Number 101068

(Enter above the full name of each
plaintiff in this action.)

VERSUS

James M LeBlanc, N. Burl  Cain,

Orville Lamartiniere, Jr., Joseph F.G. Lamartiniere,

Stephanie Lamartiniere, Kevin Benjamin, David Voorhies

T. Leonard, D. Anthony, J. Duzant, S. Adams ET AL
(Entered above the full name of each defendant in this action)

Electronic Filing Pilot Program
In accordance with the Procedure; Rules for Electronic Filing Pilot
Project, General Order 2011, inmates who are in or are transferred into
Louisiana Department of Corrections facilities participating in the Electronic
Pilot Program shall receive orders, notices and judgments by Notice of
Electronic Filing ("NEF")

Instructions for Filing Complaint by Prisoners
Under the Civil Rights Act, 42 U.S.C. § 1983

The names of **all parties** must be listed in the caption and in part III of
the complaint **exactly the same**.

In order for this complaint to be filed, it must be accompanied by the filing fee if $350.00. In addition, the united States Marshal will require you to pay the cost of serving the complaint on each defendant.

If you are unable to prepay the filing fee and service costs, you may petition the court to proceed in forma pauperis. For this purpose, a pauper affidavit is included in this packet. You must sign the affidavit, and obtain the signature of an authorized officer certifying the amount of money in your inmate account. If the pauper status is granted, you will be required to pay an initial partial filing fee and thereafter, prison officials shall be ordered to forward monthly payments from your inmate account until the entire filing fee is paid.

You will note that you are required to give facts. THIS COMPLAINT SHOULD NOT CONTAIN LEGAL ARGUMENTS OR CITATIONS. ALSO, DO NOT INCLUDE EXHIBITS.

Submit the original and copies to the Clerk of the United States District Court for the Middle District of Louisiana, 777 Florida Street, Suite 139, Baton Rouge, La. 70801-1712.

### I. Previous Lawsuits

A) Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment? Yes ( X ) No ( )

B) If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to this previous lawsuit
   Plaintiff(s): Gary Boudreaux

   Defendant(s):        Same as Above

   2. Court (if federal court, name the district; if state court, name the parish)
   1ˢᵗ. Circuit Court of Appeals, State of Louisiana, (Pending)
   Louisiana Supreme Court, (Dismissed)

3. Docket number:1ª. Cir. 2014-CA-0214; La. S. Ct. 2013-CI-928

4. Name of Judge to whom case was assigned: Panel of 3 Justices (1ª. Cir)          Panel of 9 Justices (La S. Ct.)

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?):La. Supreme Court (Dismissed); First Circuit Court of Appeals    (Pending) 6.7. Date of filing lawsuit:La. S. Ct. June 2011; 1ª. Cir. April 2013

D) Date of disposition:La. S. Ct. October 2013; 1.st. Cir. Pending

C) Have you had any previously filed federal lawsuits or appeals, whether or not related to the issues raised in this complaint, dismissed by any federal court as frivolous, malicious, or for failure to state a claim for which relief can be granted?
Yes ( X ) No (  )

If your answer is yes, list the civil action numbers and disposition of each case.          You must identify in which federal district or appellate court the action was          brought.1ª. Cir. # 2014-CA-0214; La. S. Ct. # 2013-CI-928

II. Place of present confinement:Louisiana State Penitentiary, Angola, LA.

A) Is there a prisoner grievance procedure in this institution?
Yes ( X ) No (  )

B) Did you present the facts relating to your complaint in the state prisoner grievance procedure?
Yes ( X ) No (  )

C) If your answer is Yes:

1. Identify the administrative grievance procedure number(s) in which the claims were raised in this complaint were addressed. ARP-LSP-Numbers:2011-1765;2012-0015;2012-1433;2013—0563;2013-2524;2013-3674

2. What steps did you take?     On Ls. S. Ct. Docket #

2013-CI-928; Prison system, State District, Appeal Court, and State Supreme Court. On 1ˢᵗ Cir. Docket #2014-CA-0214; Prison system, State District, Appeal Pending

3. What was the result?ARP's, Letters etc were either not answered, rejected, or relief denied. Appeal Pending in 1ˢᵗ Cir. Court of Appeals.

### III. Parties

(In item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A) Name of Plaintiff(s): Gary Boudreaux # 101068
Address:Hickory Hall- Dorm-2 Louisiana State Penitentiary, Angola, La. 70712-9813

B) Defendant: James M. LeBlanc is employed as Secretary of Dept. of Corrections at Post Office Box 94304 Baton rouge, Louisiana 70804-9304

C) Additional Defendants:N. Burl Cain Regional Warden at Louisiana State Penitentiary, Angola, La. 70712. Kevin Benjamin Assistant Warden Main Prison; Angola, La. 70712 Orville Lamartiniere Asst. Warden L.S.P. Angola, La. 70712 Stephanie Lamartiniere Asst. Warden, L.S.P. Angola,La. 70712 Joseph F.G. Lamartiniere Asst. Warden L.S.P. Angola,La. 70712; David Voorhies Asst. Warden, L.S.P. Angola, La. 70712; T. Leonard Security Major L.S.P. Angola, La. 70712;D. Anthony Rank unknown, L.S.P., Angola,La.;J. Dauzant Rank unknown, L.S.P., Angola, La. 70712;S. Adams Rank unknown, L.S.P. Angola, La. 70712; Each sued in their individual capacity, and official capacity. All employed by the Louisiana Department of Public Safety and Corrections.

### IV. Statement of Claim

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved,

dates, and places. <u>**Do not include any legal arguments or cite any cases or statutes**</u>. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.) State the FACTS of your case. **YOU ARE REQUIRED TO SET FORTH ONLY FACTUAL ALLEGATIONS. You are NOT REQUIRED TO SET FORTH LEGAL THEORIES OR ARGUMENTS.** <u>HISTORY</u> & <u>FACTS</u>:

This is a Campaign of Harassment, Retaliation,Cruel and Unusual Punishment and Due Process Violations.  This is a Civil Rights Lawsuit in pursuant of U.S.C. §1983 filed by Gary Boudreaux (Plaintiff) a state Prisoner seeking damages and injunctive relief for the following U. S. Const. Violations:

1.      Harassment

2.      Retaliation

3.      Access to The Court

4.      Medical Indifference

Direct violations of Plaintiff's U.S> Const. Rights under the 1st , 5th ,8th  and 14th  Amendments

Plaintiff would like to remind the Court that Pro Se Complaints are held to a less stringent standard than formal pleadings drafted by attorneys.  Plaintiff therefore prays this Honorable Court appoint counsel to represent Plaintiff in addressing these very serious constitutional violations raised herein.

A formal Motion for Appointment of Counsel is submitted with Plaintiff's Motion to Proceed in Forma Pauperis.

Plaintiff seeks damages against high ranking Louisiana Government Officials; a serious complex history exists )See history of case.)

## HISTORY

This Court should be informed of several relevant facts concerning Plaintiff and Defendants as listed forthwith in order for Plaintiff to fully bring forth the harassment retaliation, Cruel & Unusual Punishment, and Due Process violations that surround this action.

1.      Plaintiff is/was a state prisoner in the Louisiana State Penitentiary at Angola, La. At all times relevant to the facts of this action, and has been here more than thirty (30) years.

2.      Over the years here, Plaintiff has actively filed several law suits seeking and have gotten redress of grievances at times. In that time period, Plaintiff has developed a number of enemies among staff members within this prison.

3.      Louisiana State Penitentiary is strife with armchair psychology that is passed down through the ranks where the prison officials exceed the perimeters of their job descriptions and authority, and the abusive actions of prison staff have by virtue become the norm. Further this is compounded by the rampant **Nepotism** within this institution. High ranking officials in Angola see their children, grandchildren, wives, and husbands cone into their own position of authority, then pass down their legacy of abuse. There is no lack of history between Plaintiff and the employees of this prison.

4.      There has been a campaign of retaliatory behavior directed against Plaintiff BECAUSE of Plaintiff's history with official here at Angola. This campaign has been vicious, sadistic, and was done with the specific intent of inflicting prejudice and cruel punishment upon Plaintiff. Going beyond the sentence imposed upon him by the court. This has resulted in destroying Plaintiff's only chance at liberty.

5.      Once the Defendant's learned of Plaintiff's intention to apply for a

pardon, their campaign of harassment and retaliation began; resulting in the Constitutional violations herein.

## FACTS:

DECEMBER 15, 2010 Plaintiff received a letter from Warden N. Burl Cain stating in part, "Based on your good conduct record, I am recommending you for Class -B Trustee status. Continue to work hard, it definitely pays off." This letter was never placed in Plaintiff's prison record, though Plaintiff holds the original. Plaintiff was scheduled for a Pardon Board in 120 days April 22, 2011 when this letter was received from the Warden.

JANUARY 7, 2011 Plaintiff submitted a request for a special visit to the West Yard Warden's office the then Assistant Warden Orville Lamartiniere learned of Plaintiff's trustee status and was livid. He questioned Plaintiff in a very gruff manner as to who made him trustee. He expressed anger that Plaintiff had "went over the head of " Defendant Lamartiniere. In a very disrespectful manner the Defendant stated he would not approve the visit and for Plaintiff to get out of his office. The campaign against Plaintiff began then.

JANUARY 14,2011 Plaintiff was placed in Administrative Segregation for an alleged violation of Rule 30-W. The Report issued by Capt. Sam Adams stated: On the above date and time the above named and numbered offender was placed on Administrative Segregation pending investigation for possible drug trafficking, and homosexual activity on the West Yard."No drugs were ever presented, nobody failed a drug screening test. No evidence of homosexual activity was presented. The Disciplinary Board only went off the word of two confidential informants and an inconclusive polygraph examination prepared by corrupt prison officials.

February 17, 2011 The Rule 30-W report was dismissed as a result

of both C. I.'s being proven to have provided false information. Plaintiff was then charged with a violation of Disciplinary Rule 30-C and five days later found guilty with no evidence, facts, or confidential informants, only the word of corrupt prison officials.

MARCH 3, 2011 The Warden's office then dismissed the Rule 30-C and re-charged Plaintiff with the original Rule 30-W and maintained the conviction and sentence. This was done without allowing Plaintiff the opportunity to prove that the disciplinary was truly unconstitutional. Plaintiff then filed for a Judicial Review in the 19th Judicial District Court; Div – E Docket # 603-295, and continued to the La. S. Ct. Docket #2013-CI-928 relief denied. Plaintiff preserve the right to call relative witnesses, and defendants in the immediate matter

JULY 18, 2011 Plaintiff filed an Administrative Remedy Procedure (A.R.P) challenging the use of the polygraph examination as an "unreliable source of evidence" In this case the polygraph was used against Plaintiff even though it was inconclusive.

MAY 15, 2012 Plaintiff filed an A.R.P. Stating that all of his personal Hobby craft was stolen from the Compound Storage

JUNE 19, 2012 Plaintiff was called to the Main Prison Warden's Office where Assistant Warden Kevin Benjamin and Plaintiff entered into a verbal agreement: Plaintiff was to withdraw A.R.P. L.S.P. 2012-1433 and Assistant Warden Benjamin agreed to give Plaintiff the following: "A Trustee status, A good paying job as a Reentry Mentor with pay raise from . 02 an hour to .65 an hour; and a new pair of "Pro Star" tennis shoes. Plaintiff upheld his side of the agreement The "Retaliation Claim" pending in the 1st Circuit Court of Appeals docket#2014-CA-0214 expresses this claim.

DECEMBER 5, 2012 Plaintiff was placed in Administrative Segregation for another alleged violation of Disciplinary Rule-1 (Contraband) for allegedly failing urine test. This report filed by Defendants T. Leonard, J. Dauzant, and D. Anthony was nothing more than a malicious attack done out of pure hatred and in retaliation because Plaintiff filed a Petition in the 19th Judicial Court Docket # 603295. It is to be noted that Plaintiff agreed with Defendant Asst. Warden K. Benjamin to discontinue ("drop") the A.R.P. Dealing with personal hobby craft ONLY and did not agree to discontinue the Judicial Review which at the time was pending in the 1st Circuit Court of Appeals, Docket # 2012-CA-0910.

DECEMBER 13, 2012 Plaintiff received an ORDER from the 1st Circuit Court of Appeals stating that Plaintiff had a January 10, 2013 Court date and that Plaintiff must be ready to argue his case. Immediately Plaintiff requested for his legal documents to be transported to Administrative Lock down. Plaintiff then saw the depths of cooperation in crime inherent in this prison administration. (retaliation not withstanding.) Within the next five days Plaintiff spoke with several, prison officials attempting to receive his legal documents. Plaintiff spoke with Defendant D. Voorhies several times trying to get his legal documents. Defendant Voorhies just laughed mischievously and stated, " I will have to look into this matter." Plaintiff showed Defendant Voorhies the "Court Order from the 1st Circuit and Defendant stated, "seems like a personal problem to me," and continued with the laughter.

Plaintiff spoke with Defendant K. Benjamin when he was making his rounds in Adm./Seg. And expressed the need to obtain his legal documents, and presented the Court Order to him also. This is when Defendant Benjamin stated, "You played me for a fool. You only dropped the A.R. P. concerning your hobby craft and continued with the lawsuit. I told you to drop everything and

stop filing. I will deal with you," he then walked away.

DECEMBER 18,2012 Plaintiff filed an A.R.P. Attempting to obtain his legal documents. The Defendants refused to give Plaintiff his legal documents and then had Plaintiff transferred to another camp. Plaintiff preserve the right to call A.R.P.-2012-0015 relative to witnesses and defendants in immediate matter.

JANUARY 3, 2013 Plaintiff filed a supplement to A.R.P. L.S.P. 2012-0015 stating that all of Plaintiff's personal property and some legal documents were either stolen or destroyed by the Defendants.

FEBRUARY 27, 2013 Plaintiff filed another ARP stating that the defendants denied him access to the court by having Plaintiff transferred to another camp and destroying all of Plaintiff's personal property and some of his legal documents.

MARCH 15, 2013 The Warden's office rejected ARP LSP 2013-0563.

MAY 13, 2013 Plaintiff filed a motion to reinstate above numbered ARP and got no response from the Legal Programs Department regarding any of Plaintiff's letters, motions, or ARP's dealing with this matter,denying Plaintiff access to A.R.P. system.

AUGUST 19,2013 Plaintiff filed an ARP on Discrimination and Favoritism as these relate to his efforts at rehabilitation and how the defendants acted to hinder this process .

SEPTEMBER 9, 2013 Plaintiff wrote a letter to the Chief of Operations of La. Dept. or Corrections stating that he is being denied access to the ARP process and asked that both ARP's be reinstated.

## MEDICAL COMPLAINT

Plaintiff will bring forth his serious medical need and the defendant's failure to treat him, which is causing further, significant injury and unnecessary

and wanton infliction of pain. Plaintiff will also show the **nepotism** within this claim, where the personal attack by one family member resulted in other family members responding the way they did. Also when it was brought to the attention of defendant James M. LeBlanc, nothing was done about it. Plaintiff is still suffering from the injury and abuse by the defendants. Please see the following:

JUNE 2, 2013 Plaintiff had to be rushed to the emergency room after injuring his right shoulder. Dr. Toce gave Plaintiff two injections for pain, an X-Ray was taken, pain medication was ordered and a three day "No Duty" status was issued. An appointment was made to see another doctor in the future.

JUNE 16, 2013 Plaintiff wrote to Defendant Stephanie Lamartiniere a letter headed "Medical Complaint and Immediate Medical Treatment," seeking help from the head of the LSP Medical Services. The Defendant responded that Plaintiff was scheduled to be seen by a doctor.

JULY 1, 2013 Plaintiff wrote Defendant N. Burl Cain and requested immediate medical treatment.

AUGUST 17, 2013 Plaintiff was seen by the L.S.U. Orthopedic Clinic: received an injection to the right shoulder, and X-Ray was taken, and a temporary medical Duty Status was issued.

DECEMBER 4, 2013 Plaintiff filed an emergency ARP to Defendant S. Lamartiniere stating that he was in severe pain and needed to see a doctor for his right shoulder. Sixteen days later the same type of ARP was directed to Defendant B. Cain and stating that his medication is not working and that Plaintiff needed immediate help for severe pain.

JANUARY 10, 2014 Plaintiff filed another ARP to Defendant B. Cain expressing his need for immediate medical care and the Plaintiff is getting the

Royal Run Around.

FEBRUARY 3, 2014 Plaintiff filed another ARP to Defendant Cain begging for help. Stating that to date nothing has been done and asked was this a personal attack by this institution.

JANUARY 16, 2014 Plaintiff received the First Step Response to case number L.S.P.-2013-3674 prepared by defendant S. Lamartiniere and it was not positive. This report was Approved and signed by Joseph F. G. Lamartiniere. Surely one spouse will not go against the other spouse for an "offender" as we are called. Is this Nepotism?

MARCH 12, 2014 Plaintiff received the Second Step Response to the above ARP from Defendant James LeBlanc who went along with the nepotism and abuses at LSP. My request was denied. Plaintiff's serious medical needs were not addressed or treated.

At the time of this filing, Plaintiff's action under Docket#2014-CA-0214 is pending in the La.1ˢᵗ Circuit Court of Appeals. That suit pertains to the Dec. 5, 2012 Disciplinary report Rule-1 Violation. Plaintiff is enclosing this appeal to show the legal issues and United States Constitutional violations. Plaintiff suffer to this day and remain in peril because of the unity and partners in crime of defendants and many of their subordinates who seem to enjoy following unlawful orders from ranking officers they know to be corrupt.

PLAINTIFF ASK THIS COURT FOR A PROTECTIVE ORDER and or to appoint an attorney for the purpose of assisting Plaintiff with his claims. Plaintiff is attempting to litigate against some very powerful and dangerous officials that act under color of state law, so the case is complicated and an attorney is very necessary.

Plaintiff have suffered at the hands of this government agency once before and it was through this honorable Court that the abuse stopped; for a

time. Now that the abuse of authority have returned Plaintiff could easily be placed in imminent danger. Plaintiff prays this Honorable Court will look at all of the facts of this case and allow Plaintiff his day in court.

Plaintiff have exhausted all of the prison grievance procedures and this case if ripe before this Court. The Defendants have violated plaintiff's rights under the United States Constitution and they have placed themselves above the law. Therefore Plaintiff prays this Honorable Court will accept this 42 U.S.C. § 1983 and help Plaintiff to stop the abuse of this government agency.

## V. Relief

State exactly what you want the court to provide to you or do for you. Make no legal arguments. Cite no cases or statutes.

The Courts have reaffirmed that prison officials who retaliate against prisoners who exercise their Constitutional rights are NOT entitled to qualified immunity. Therefore the actions of Defendants James LeBlanc, N. Burl Cain and the Louisiana State Penitentiary staff who directly or indirectly violated plaintiff's Constitutional rights by their abusive behaivor should not be entitled to immunity.

The failure of defendants James LeBlanc and N, Burl Cain to stop abusive behavior of their employees make them equally liable for damages as those under their cotrol and authority. Therefore Plaintiff request that this Honorable Court grant the following **RELIEF:A. ISSUE A DECLARATORY JUDGMENT STATING THAT:**

1.The defendants failed to take actions to stop the abuse of plaintiff's Constitutional rights under the 1st 5th 8th and 14th Amendments;

2.The defendant's actions in conducting the plaintiff's disciplinary court hearings and the defendant's actions in sustaining it violated plaintiff's rights under the Due Process Clause if the 14th Amend. U.S. Const.

B. ISSUE AN INJUNCTION ORDERING THE DEFENDANTS TO:

1.Expunge the disciplinary convictions described in this complaint from plaintiff's institutional records;

2.Restore all palintiff's rights and privileges

3.Stop the illegal use of the urine tests and polygraph examinations.

4. Provide Plaintiff with immediate medical treatment.

## C. AWARD COMPENSATORY DAMAGES INTHE FOLLOWING AMOUNTS:

1.$100,000.00 jointly and severally against each defendant who is found to have violated plaintiff's rights for the abusvie behavior and emotional injuries sustained as a direct or indirect result of defendant's actions;

1.    2. $100,000.00 jointly and severally against each defendant for the deprivation of plaintiff's liberty, property, amenity, and emotional injury resulting from the denial of due process in connection with plaintiff's disciplinary procedures.

## D. AWARD PUNITIVE DAMAGES IN THE FOLLOWING AMOUNTS:

$100,000.00 against each defendant.

## VI. Plaintiff's Declaration

1. I understand that I am prohibited from bringing a civil action in forma pauperis if, while I was incarcerated or detained in any facility, I have brought three or more civil actions or appeals in a court of the United States that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

2. I understand that even if I am allowed to proceed in forma pauperis, I am responsible for paying the entire filing fee and any cost assessed by the court, which, after payment of the partial filing fee, shall be deducted from my inmate account by my custodian in installment payments as prescribed by law.

3. I understand that if I am released of transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice.

4. I consent to receive orders, notices, and judgments by Notice of Electronic Filing.

Signed this 18 day of June 20 14.

Gary Boudreaux

Signature of plaintiff(s)