IN THE
FIRST CIRCUIT COURT OF APPEAL
STATE OF LOUISIANA

No. _____

GARY BOUDREAUX/# 101068
*Appellant*

versus

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
*Appellee*

DEVOLUTIVE APPEAL

TO REVIEW THE RULING OF THE
19TH JUDICIAL DISTRICT COURT, PARISH OF EAST BATON ROUGE
DOCKET NO. 621826 , SECTION "" I
HONORABLE R. MICHAEL COLDWELL, DISTRICT COURT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DEVOLUTIVE APPEAL
FROM THE DENIAL OF PETITION FOR JUDICIAL REVIEW

ON BEHALF OF GARY BOUDREAUX
PRO SE Appellant

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ORIGINAL BRIEF ON THE MERITS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

RESPECTFULLY SUBMITTED BY:

Gary Boudreaux/# **101068**, Pro Se
Louisiana State Penitentiary
Main Prison West/Walnut-1
Angola, LA 70712

- 1 -

# TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................................i
TABLE OF AUTHORITIES.........................................................................................ii
JURISDICTIONAL STATEMENT................................................................................1
CONCISE STATEMENT OF THE CASE.......................................................................1
ASSIGNMENTS OF ALLEGED ERRORS.....................................................................1
LISTING OF ISSUES PRESENTED FOR REVIEW.......................................................2
STATEMENT OF FACTS.............................................................................................2
SUMMARY OF ARGUMENT......................................................................................3
    Commissioner's Report and Recommendation.......................................................3
ARGUMENT...............................................................................................................3
    Discussion and Law..........................................................................................3
    Liberty Interests Under Sandin v. Conner versus Property Interests Under McCrae v. Hankins....4
    Substantial Rights Violations in This Case...........................................................4
    1. RETALIATION...........................................................................................4
      First Prong...................................................................................................5
      Second Prong...............................................................................................6
      Third Prong.................................................................................................6
    2. ACCESS TO THE COURT............................................................................6
    3. DUE PROCESS CLAUSE..............................................................................7
      Due Process Clause and Property Interests.........................................................9
    4. CRUEL AND UNUSUAL PUNISHMENT........................................................9
    5. REVERSAL OR MODIFICATION OF ADMINISTRATIVE DECISIONS...............10
    6. LAW ON ADMINISTRATIVE REVIEW.........................................................11
    7. LSP EMPLOYEE TRAINING MANUAL.........................................................11
    8. REQUEST FOR DECLARATIVE AND INJUNCTIVE RELIEF............................13
CONCLUSION...........................................................................................................13

## APPELLATE EXHIBITS

EXHIBIT-A –  December 2, 2013 Judgment of Dismissal Adopting Commissioner's R&R with Commissioner's Report and Recommendation.

EXHIBIT-B –  ORDER Granting Devolutive Appeal within limitations prescribed by law.

# TABLE OF AUTHORITIES

## United States Constitution

U.S. Const. Amend 14......................................................................................4, 7, 8, 12, 13
U.S. Const. Amend. 1...................................................................................4, 5, 6, 7, 12, 13
U.S. Const. Amend. 5.........................................................................................................9
U.S. Const. Amend. 8.........................................................................................................9

## Louisiana Constitution

LSA Constitution of 1974 Art. I § 19.................................................................................7
LSA Constitution of 1974 Art. I § 2...............................................................................7, 12
LSA Constitution of 1974 Art. I § 20.................................................................................9
LSA Constitution of 1974 Art. I § 22.................................................................................6
LSA Constitution of 1974 Art. I § 3...................................................................................7
LSA Constitution of 1974 Art. I § 9..........................................................................4, 5, 6, 7
LSA Constitution of 1974 Art. V § 10.................................................................................1

## Louisiana Statutes

Louisiana Administrative Code, Title 22, Section 325I......................................................13
LSA-Civ. C.P. Art. 2087.....................................................................................................1
LSA-R.S. 15:1171, et. seq..................................................................................................1

## Federal Jurisprudence

Alerte v. McGinnis, 898 F.2d 69 (7th Cir. 1990).............................................................13
Byerly v. Ashley, 113 S.Ct. 364 (1992)..............................................................................8
Covington v. Cole, 528 F.2d 1365, 1373 (C.A. 5 (Tex.) 1976).......................................13
Crawford—El v. Britton, 523 U.S. 574 588, 118 S.Ct 1548............................................6
Elkin v. Fauver, 113 S.Ct. 473 (1992)................................................................................8
Hewitt v. Helms, 459 U.S. 470; 103 S.Ct. 871...................................................................9
Higdon v. Jackson, 393 F.3d 1211, 1219 (11th Cir. 2004)............................................5, 6
Jackson v. Cain, 864 F.2d 1235, 1249, 1250 (5th Cir. 1989)............................................9
Parratt v. Taylor, 451 U.S. 527, 536; 101 S.Ct. 1908, 1913; 68 L.Ed. 2d. 420 (1981)......9
Pella v. Adam, 638 F. Supp 1504, 1513.............................................................................8
Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293.........................................2, 3, 4, 7, 8, 9, 12
Sands v. Wainwright, 416 U.S. at 992 (1974).....................................................................8
Schering Corp. v. Shalala, 995 F.2d 1103 (D.C. Cir. 1993)............................................12
Simmons v. Dickhaut, 804 F.2d 182-184............................................................................7
Wolff v. McDonnell, 418 U.S. 539 (1947)..........................................................................7

## Louisiana Jurisprudence

Burnette v. Stalder, 760 So.2d 636, 637...........................................................................11
Castle Investors v. Jefferson :Parish Counsel, 472 So.2d 152 (La. App. 5 Cir. 1985), writ denied, 474 So.2d 1311 (La. 1985)...........................................................................................11

ii

Clark v. City of Shreveport, 655 So.2d 617 (La. App. 2 Cir. 1995)..............................................11
Fegan v. Lykes Bros. S.S. Co., 198 La. 312, 322, 3 So.2d 632, 635 (1941)..................................12
Frederick v. Ieyoub, 762 So.2d 144, 147 (La. App. 1 Cir. 2000)...................................................12
Gregor v. Argenot Great Cent. Ins. Co., 01-1233, p.4 (La. App. 4 Cir. 2/6/02), 817 So.2d 152, 155,
          affirmed in pertinent part, reversed in part, 02-1138 (La. 5/20/03), 851 So.2d 959..................12
Plaisance v. L.S.P., 57 So.3d. 2010-1249, (La. 1st Cir. 2-11-11).................................1, 2, 10, 13
Sims v. Wackenhut, 708 So.2d 1140, 1142, 1997-1147 (La. App. 1 Cir. 2/20/98)................................13
Singleton v. Louisiana Department of Public Safety and Corrections, 878 So.2d 555 (La. App. 1 Cir.
          4/2/04)...................................................................................12

## Other Authorities

Disciplinary Appeal No. LSP-2012-0562-W.....................................................................1
Docket No. 2012-CA-0410......................................................................................3
Docket No. 2012-CA-0910...................................................................................2, 5, 7

## JURISDICTIONAL STATEMENT

Jurisdiction lies pursuant to LSA-Const. Art. V § 10 and LSA-Civ. C.P. Art. 2087.

## CONCISE STATEMENT OF THE CASE

Appellant Gary Boudreaux #101068, is an offender sentenced to the custody of the DPS&C Appellant is confined at the Louisiana State Penitentiary, Angola. On December 5, 2012, Appellant was placed in Administrative Lockdown for allegedly violating Rule 1, Contraband (failing a urine test). After several hearings, Appellant was found guilty or Rule 1 Contraband. As a result of the disciplinary conviction, Appellant was sentenced to Working Cell blocks, lost his prison job as a mentor earning $32.00 per week, and is now ineligible for a parole hearing for a period of two years, or until the DB conviction is reversed and expunged.

In this suit, appellant sought Judicial Review pursuant to LSA-R.S. 15:1171, et. seq. of the final decision of the DPS&C in a Disciplinary Appeal No. LSP-2012-0562-W, which resulted in his being sentenced to an unconstitutional disciplinary report. Appellant timely appealed this disciplinary conviction to the Warden of the institution and then to the Secretary of the DPS&C and was denied relief at both levels. The final decision was issued on March 22, 2013. Thereafter, appellant timely filed for Judicial Review. The Honorable Nicole Robinson of the 19th Judicial District Court issued a Report and Recommendation [hereafter R & R] at the screening level recommending dismissal for failure to state a claim, dismissing the Petition for Judicial Review in favor of the Louisiana Department of Public Safety and Corrections [hereafter DPS&C], casting all costs against Appellant.[1] Appellant timely filed a Traverse to the R&R. On December 5, 2013, the R&R was adopted by the Honorable R. Michael Coldwell in a

---

1  Exhibit A.

1

final judgment and ORDER in 19ᵗʰ JDC/No. __621826__, Div. "__I__" Appellant timely filed notice and intend to appeal. This appeal follows.

## ASSIGNMENTS OF ALLEGED ERRORS

**ERROR #1.** The District Court committed manifest error in dismissal of the suit at the screening level without first establishing by the record whether or not a substantial right had been violated.

**ERROR #2.** The District Court committed error in failing to notice jurisdiction under Plaisance v. L.S.P., 57 So.3d. 2010-1249, (La. 1ˢᵗ Cir. 2-11-11), and failing to exercise such jurisdiction to provide limited available remedies permitted thereunder?

## LISTING OF ISSUES PRESENTED FOR REVIEW

1. Did the District Court commit error in dismissing Appellant's suit at the screening level without first establishing by the record whether or not a substantial right had been violated?

2. Did the District Court commit error in failing to notice jurisdiction under Plaisance v. L.S.P., 57 So.3d. 2010-1249, (La. 1ˢᵗ Cir. 2-11-11), and failing to exercise such jurisdiction to provide limited available remedies permitted thereunder?

## STATEMENT OF FACTS

To fully appreciate this case and the issues involved, the court needs to know relevant facts concerning the relationship between Appellant and Defendants. Appellant has been incarcerated in the La. State Penitentiary at Angola for over 30 years. Appellant has filed and won State and Federal Civil actions against various correctional officers at L.S.P., thereby creating some serious enemies (all security officers). Appellant has watched cadets become Assistant Wardens who have nurtured a hatred toward Appellant through the years. It is a fact

2

that some high ranking security officers HATE Appellant so much that they would do **anything** to destroy Appellant's life. It is **this** hatred which motivated the malicious and vicious attack against Appellant's liberty at issue in this case. Certain officers harboring ill will against Appellant found out he was seeking a Pardon, and had a good chance of getting a life sentence cut to a fixed number of years. That is when the false disciplinary attack began. Appellant has just left this Honorable Court dealing with the first attack (See **Docket No 2012-CA-0910**. It is because of Appellant filing that complaint, that the defendants retaliated against Appellant by setting him up with this fake dirty urine test. The defendants feel they can do whatever they want, as long as they do not take good time credits and the court will back them up. The District Court bases its ruling on Sandin v. Conner, dealing with the penalty phase. What about Innocence? Is it irrelevant? What about Appellant's other Constitutional Rights do they matter? Who has the power to overrule the laws that the United States and Louisiana Supreme Court have established? Will the courts even hear this complaint? Or will it rely on the fact that Appellant has a life sentence and has no good time credits? Therefore, Appellant cannot show a substantial right concerning the penalty phase. What about the illegal conviction of the Disciplinary Report? Will it affect Appellant's ability to be set at liberty in the State of Louisiana? Yes! It will do so because of the vast difference in the rules governing the Louisiana Pardon Board. Unlike the rules of the Hawaii Board of Parole where Sandin v. Conner was decided, Louisiana does not extend a hearing to any inmate who has not been disciplinary report free for a period of no less than two years! Therefore, Sandin v. Conner is not analogous to this case. Appellant has been deliberately set up with a dirty urine test in retaliation by correctional officers harboring ill will because they had damages imposed upon them in prior

3

legal proceedings. Appellant asks this Honorable Court to review all the facts concerning this case. Appellant has also filed A.R.P.s dealing with this vicious attack and is in the process of filing a Federal Civil Action, dealing with the First attack **Docket No. 2012-CA-0410** and this attack. Appellant will now address the issues of what the law has to say concerning these legal issue.

## SUMMARY OF ARGUMENT

### Commissioner's Report and Recommendation

This appeal is based on the commissioner's Recommendation to dismiss at the screening level without service to the DPS&C, claiming that the court had no authority to grant relief because, there is no substantial right violation in this complaint. This recommendation is based on the sole fact that Appellant did not lose any good time as a sanction for the disciplinary report which was an act of retaliation and not for Appellant's misbehavior. Appellant sets forth several substantial rights under law and avers that under **Plaisance v. L.S.P.**, 57 so.3d. 2010-1249, (La. 1ª Cir. 2/11/11) the Court erred in dismissing the case. There was relief requested that was available under **Plaisance**, and issues which needed addressing and could be addressed even though good time was not taken. This is especially so because the disciplinary report was issued to retaliate and not because Appellant committed a rules violation. If this is proven true on review, then Appellant is entitled to relief under **Plaisance**.

## ARGUMENT

### Discussion and Law

This Court held in **Plaisance v. L.S.P.**, 57 so.3d. 2010-1249, (La.1ª Cir. 2/11/11):

"That LSA-R.S. 15:1177(A)(9) does not divest the court of subject matter jurisdiction

4

over the Petition for Judicial Review. This provision merely limits the *available remedies* should the District Court determine upon review of the facts that the matter does not involve any violation of a substantial right which would prejudice the inmate." (Emphasis Supplied)

Also Appellant is serving a life sentence. This in effect, denies an inmate with a life sentence the same appellate rights as inmates serving non-life sentence which is a violation for Appellant's equal protection guarantee by both the State and Federal Constitution. **U.S. Const. Amend 14; La. Const. Art. 1 § 3 and La. Const. Art. 1 § 9** Appellant's other substantial rights.

**Liberty Interests Under Sandin v. Conner versus**
**Property Interests Under McCrae v. Hankins**

The Fourteenth Amendment provides that no "State [shall] deprive any person of life, liberty, or property without due process of law." **U.S. Const. Amend. 14 § 1.**

In the United States Supreme Court case of **Sandin v. Conner**, 515 U.S. 472, 115 S. Ct. 2293, 132 L.Ed.2d 418 (1995) involving prisoners, the Court held that prisoners have a constitutionally protected liberty interest in avoiding certain conditions of confinement. Sandin emphasizes the nature of the conditions themselves in relation to the ordinary incidents of prison life in determining whether a liberty interest is implicated, rather than the language of the regulations that provide safeguards regarding those conditions.

Sandin deals widely with state-created liberty interest which would not trigger the Due Process Clause. It's argument is, that a negative inference to prison regulations do not trigger the Due Process Clause unless there is an **"atypical and significant hardship[s] .... in relation to the ordinary incidents of prison life"**. Plaintiff avers that the instant case presents an **"atypical and significant hardship[s] .... in relation to the ordinary incidents of prison life**

5

as the ordinary incidents of prison life **do not include** receiving **fabricated disciplinary**

**reports** for incidents that **never took place**, resulting from **retaliation**.

### Substantial Rights Violations in This Case

1. Retaliation
2. Access to the Court
3. Due Process Clause
4. Cruel & Unusual Punishment

## 1.    RETALIATION

The defendants retaliated against Appellant for seeking redress of grievances in a court

of law. The defendants abused their authority by violating their own state created liberty

interest and violation Appellant's U.S. and Louisiana Constitutional rights. Causing

"punishment" for no reason other than to deter Appellant from his course of seeking redress

through established channels. These acts were viciously done with the specific intent to inflict

serious punishment on Appellant for exercising his Constitution rights to seek redress for his

grievances.

**U.S. Const. Amend. 1 and La. Const. of 1974 Article 1 § 9**, both extend "the right to

be free from retaliation for using the court system." In a retaliation claim..., the harm suffered is

the adverse consequence which flows from the inmate's constitutionally protected action.

Instead of being denied access to the courts, the Appellant has been penalized for actually

exercising that right. Prison officials may not retaliate against prisoners for using the courts or

trying to do so. This is a direct violation for Appellant's U.S. and La. Constitutional right.

The right to be free from retaliation for availing one's self of the prison grievance

process is clearly established. **Woods v. Smith**, 60 F.3d 1161, 1164 (5th Cir. 1995).   A prison

inmate is entitled to his First Amendment right to freedom of expression so long as it is not inconsistent with his status as a prisoner and does not adversely affect a legitimate state interest.

To prevail on a claim of retaliation, a prisoner must show (1) he engaged in a protected expression, (2) he suffered an adverse action, and (3) the adverse action was causally related to the protected expression. **Higdon v. Jackson**, 393 F.3d 1211, 1219 (11th Cir. 2004). With regard to the **First Prong**, Plaintiff has a protected right to express his concerns regarding a properly filed grievance. Access to the grievance procedure is protected under the First Amendment. Thus, Plaintiff was engaged in a constitutionally protected expression and the Defendants' adverse actions were to stifle or prevent Plaintiff from further speaking out, and meant to punish Plaintiff for doing so. **Laird v. Tatum**, 408 U.S. 1, 11, 92 S.Ct. 2318, 33 L.Ed.2d 154 (1972). Appellant was engaged in protected conduct. In this case, Appellant filed an appeal with the First Circuit Court of Appeals, **Docket No. 2012-CA-0910** and filed A.R.P.s. Appellant received a disciplinary report for a violation which never occurred. The rule infraction is serious in nature and resulted in Appellant suffered an adverse action (retaliation resulting in segregation; loss of income, loss of preferential status, and privileges) and the adverse action was causally related to the protected expression. **Higdon v. Jackson**, 393 F.3d 1211, 1219 (11th Cir. 2004).

With regard to the **Second Prong**, Plaintiff submits that the disciplinary report issued was knowingly and intentionally fabricated/falsified by defendants for the very purpose that he had previously pursued and successfully prosecuted them for violations of law. Issuance of the disciplinary report was solely for purposes of deterring future exercise of that protected right to

7

pursue redress for his grievances. An adverse action was taken against Appellant that would stop an average person (prisoner) from continuing with their suit. In this case the defendants falsified a Disciplinary report that deprived Appellant of his liberty interest, property interest and other prison privileges, such as, visits with family members, paying restitution, and living in lockdown cells.

With regard to the **Third Prong**, the Defendants' actions were causally related to Plaintiff exercising his First Amendment right. These concerns were and are directly related to Plaintiff's previous protected activities. It is well established law in all circuits for over 20 years that access to the grievance procedure are protected under the First Amendment and that actions taken in retaliation involve substantial rights which are legally cognizable and actionable. As a result, Plaintiff has suffered punitive segregation, loss of income, loss of preferential status, and privileges, and the adverse action was causally related to the protected expression. There is clearly a causal connection between element (1) one and (2) two. In this case, the defendant's adverse action was directly related to Appellant's protected conduct. Appellant sought legal help and justice. The defendant's attacked Appellant because of that action and sought to punish Appellant. The U.S. Supreme Court in **Crawford—El v. Britton**, 523 U.S. 574 588, 118 S.Ct 1548; stated "the reason why such retaliation offends the constitution is that it threatens to inhibit exercise of the protected right. Prisoners are entitled to utilize available grievance procedures without threat of recrimination."

2.    <u>ACCESS TO THE COURT</u>

Under the **U.S. Const. Amend. 1** and **La. Const. of 1974 Articles 1 §§ 9, 22** exists "the right to be free from interference with court access." There are (3) three basic kinds of court

8

access claims that prisoner can assert against prisons and prison officials:

1.    Right to assistance claim: This claim does not apply to appellant.

2.    Interference Claim: These are claims that prison officials or other officials interfered with a prisoner's attempts to bring or pursue legal action. In this case, Appellant filed an A.R.P., stating, "that the defendants refused to give him his legal document, after receiving a court order from the 1st Circuit Court of Appeals, **Docket No. 2013-CA-0910.** The defendant had all of Appellant's legal and personal property lost or destroyed. Appellant only mentioned the filing of the A.R.P. in the Judicial Review.

3.    Retaliation Claim: Appellant has already argued the retaliation claim when the defendants retaliated against Appellant for seeking redress of grievance in the First Circuit Court of Appeals and for filing A.R.P.s Appellant's U.S. and La. Constitutional Rights are violated when the defendants interfere with appellant's access to the court.

The **U.S. Const. Amend. 1** states that "Government is prohibited from interfering with peoples' (including prisoners) efforts to use the court." "When a prisoner alleged that prison officials ignored multiple request to return or give legal materials needed for pending case. They violate the prisoner's right to access to the court." See **Simmons v. Dickhaut,** 804 F.2d 182-184.

3.    **DUE PROCESS CLAUSE**

The **U.S. Const. Amend. 14** and **La. Const. of 1974, Article 1 §§ 2, 3** are the two leading authorities governing due process rights for prisoners. In **Wolff v. McDonnell,** 418 U.S. 539 (1947) and **Sandin v. Conner,** 515 U.S. 472 (1995), the U.S. Supreme Court stated "that prisoners should only be found to have liberty interest in (3) three circumstances:

1.    When the right at issue is independently protected by the Constitution: In this case, Appellant has established violations of his U.S. Constitutional rights 1st, 14th and the La.

9

Const. of 1974 Article 1 §§ 2, 3, 9, and 19.

2.     When the challenged action causes the prisoner to spend more time in prison: In this case, Appellant is serving a life sentence. This in effect, denies a prisoner with a life sentence, the same Appellant rights as those serving a non-life sentence. A violation of Appellant's equal protection guaranteed by both state and federal Constitution,[2] or

3.     When the action imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prion life.

In this case, Appellant has a history with the defendants, the way that Appellant is being treated by the defendants is "atypical', it's because of the actions of the defendants. Appellant is treated more harshly than other inmates. "Significant hardship" being denied the chance at liberty because of the actions of the defendant's.

Appellant's liberty has been attacked by the defendants because their actions has deprived Appellant opportunity to a hearing by the Pardon Board. Unlike in Sandin, prisoners in Louisiana are affected by disciplinary reports and drug & alcohol testing.[3]

The U.S. Supreme Court has outlined the appropriate procedures to be followed:

1.     The Urine sample should be sealed in the presence of he prisoner from whom it is taken.

2.     A written record of the location and transportation of the sample always should be kept.

3.     The sample, which in possession of correction officers, should be stored in a locked refrigerator with very limit access.

4.     The prisoner should be given a duplicate copy of he laboratory test results

In **Byerly v. Ashley**, 113 S.Ct. 364 (1992). "The Court held that a prisoner's due process rights have been violated where he was punished for unauthorized use of drug or alcohol, but where there was no proof of an adequate chain of custody of a urine sample taken from him and tested in the laboratory."

---

2   U.S. Const. Amendment 14th and La. Const. of 1974 Article 1 § 3 and 19.
3   See La. Pardon Board Rules and Procedures. Dealing with Urine Testing.

In this case, defendants violated Appellant's due process right by failing to adhere to these reasonable guidelines. The chain of custody was broken. There was no laboratory test, no evidence was even entered in this case. Only the word of corrupt security officers.

The U.S. Supreme Court already dealt with that issue in **Sands v. Wainwright**, 416 U.S. at 992 (1974). The Courts have asserted themselves through good prisoner ligation and held that 'rumor or personal,' unrelated knowledge about a particular prisoner, is not enough and must be based on evidence in the record. In **Sandin v. Conner**, 515 U.S. 472 (1995), the court stated that the court must have "substantial evidence." In **Pella v. Adam**, 638 F. Supp 1504, 1513, the Court decided that before results of a prisoner's urine sample could be introduced in a disciplinary proceedings. Due process required that the prison establish an adequate chain of custody.

In **Elkin v. Fauver**, 113 S.Ct. 473 (1992), the court ruled that "without due process of law...without adequate procedure, there is no case." The defendants violated Appellant's U.S. Constitutional protected 14th Amendment Due Process rights.

This vicious attack was something out of pure hatred toward Appellant for seeking Justice through the court system and their previous history with Appellant. The defendant's violated Appellant's Constitutional rights. This petition is against the DPS&C and the staff of L.S.P. At Angola.

## Due Process Clause and Property Interests

A prisoner's money is property and like other property is protected by the Due Process Clause and the taking clauses of the **U.S. Const. Amend.** 5. Does **Sandin** apply? The majority of states and federal courts to address the question have held that: "**Sandin** v. Conner is not applicable to deprivation

11

of property." Especially dealing with restitution or job incentive pay. If state law or federal statutes or regulations, creates a right to pay prisoners, that right is protected by due process like any other entitlement. Prisoners may not be denied work assignments, removed from them, or given particularly undesirable ones in retaliation for exercise of constitutional protected rights. Appellant has already argued the retaliation claim, therefore, appellant will only restate some of the facts. Appellant went from making ($0.75) seventy five cent an hour, living in a dorm, with many privileges, teaching students in a classroom, to earning only ($ 0.02) two cent an hour, living in a cell, with no privileges and doing hard labor in the fields. Appellant was removed from that job assignment *in retaliation* for exercising a constitutionally protected right. The U.S. Supreme Court held that "when inmates are afforded the opportunity, whether by "Right" or by "Privilege' to possess personal property, they enjoy a protected interest in that property that cannot be infringed without due process." **Parratt v. Taylor,** 451 U.S. 527, 536; 101 S.Ct. 1908, 1913; 68 L.Ed. 2d. 420 (1981). "Once the state creates such a liberty or property interest, Due Process protection attaches to the decision to revoke that interest." **Jackson v. Cain,** 864 F.2d 1235, 1249, 1250 (5th Cir. 1989) "If the state grants a prisoner a right or expectation that adverse action will be taken against him except on the occurrence of specific behavior. The determination of whether such behavior has occurred becomes critical, and the minimal requirement of procedural due process appropriate for the circumstances must be observed." 455 U.S. 490; 100 S.Ct. 1262, also **Hewitt v. Helms,** 459 U.S. 470; 103 S.Ct. 871. In this case Appellant was ordered to pay restitution for the use of the urine test, and because of the retaliation Appellant has suffered the loss of a high-paying incentive wage job.[4] A violation of constitutional rights in never "de minimis" - a phrase meaning so small or trifling that the law takes no account of it.

4. <u>CRUEL AND UNUSUAL PUNISHMENT</u>

**U.S. Const. Amend. 8, La. Const of 1974 Article 1 § 20.** Appellant has the right to be free

---

4  Appellant lost a job paying $32.00 per week in skilled training and labor, to a job earning only $0.80 per week working the LSP fields in all types of weather and conditions.

12

from cruel and unusual punishment. The constitution was written to protect the people form such behavior. (Prisoner Included) The actions of the Defendants are violating appellant's constitutional rights by taking always his liberty interest with falsified and unconstitutional disciplinary reports.

Appellant is also serving a life sentence. Under the current law or that way the court is interpreting this law. Prisoners serving a life sentence in the state of Louisiana are being treated more harshly then those sentenced to a fixed number of years. Also being denied equal protection of the law, which is causing Appellant cruel and unusual punishment. By the court only looking toward the penalty and not the conviction. Then, Is innocence irrelevant? Can the court allow someone to be punished without prove of wrong doing? Taking away the only liberty interest a lifer in the state of Louisiana has, is cruel and unusual punishment. The U.S. Supreme Court did not state that in **Sandin** v. Conner, It is the way the state district court is interpreting this law. Also "The constitution States all people (including prisoner)" has a right to be free from retaliation which causes cruel and unusual punishment. The defendants is this case has gone beyond the scope of the law. When this agency took it personal and attacked appellant's only chance at liberty. Here in Louisiana, the Warden has a word of recommendation towards the La. Parole & Pardon Board dealing with who should get out and who should remain incarcerated. Appellant asks the court not to take the word of these bias and wicked people and their wicked ways. And, deal with the issues of the constitution. Who made prison security officers rulers over the constitution? The U.S. Constitution and the La. Constitution of 1974. States "We the People" (That includes prisoners also). The action of the defendants is still causing cruel and unusual punishment to appellant as long as the court allows this illegal action to continue, Appellant stand on the ground of Innocence and is being severely

13

punished by the actions of the defendants for no wrong doing . It is appellant's prayer that his Honorable court stop this cruel and unusual punishment.

5.     **REVERSAL OR MODIFICATION OF ADMINISTRATIVE DECISIONS**

Pursuant to <u>LSA-R.S. 49:964(G)</u>, the Court may affirm the decision of the agency or *remand the case for further proceedings*. Under **Plaisance**, the Court should have remanded for further proceeding to see if the DPS&C could establish a chain a custody, or produce the evidence upon which the disciplinary conviction was based. After such further proceedings, the court may reverse or modify the decision if substantial rights of the Petitioner have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(1) **In violation of constitutional or statutory provisions;**
(2) **In excess of the statutory authority of the agency;**
(3) **Made upon unlawful procedure;**
(4) **Affected by other error of law;**
(5) **Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or**
(6) **Manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record. In the application of the rule, where the agency has the opportunity to judge of the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.**

6.     **LAW ON ADMINISTRATIVE REVIEW**

The test of whether governmental action is arbitrary and capricious is found in **Clark v. City of Shreveport**, 655 So.2d 617 (La. App. 2 Cir. 1995). The **manifest error test** is used in reviewing the facts as found by the administrative tribunal; the **arbitrary and capricious test** is used in reviewing the administrative tribunal's conclusions and its exercise of discretion. **Burnette v. Stalder**, 760 So.2d 636, 637.

The test of whether an administrative action is arbitrary or capricious is whether the

14

action is reasonable under the circumstances. **Castle Investors v. Jefferson :Parish Counsel**, 472 So.2d 152 (La. App. 5 Cir. 1985), writ denied, 474 So.2d 1311 (La. 1985).

7.    **LSP EMPLOYEE TRAINING MANUAL**

The LSP trains its employees that some DPS&C policies extend inmates expectations which exceed legal requirements. The Training Manual explains that these are stated-created rights carrying the same legal significance as those which are constitutional or statutory. The Manual explains that "federal courts have ruled that regulations must be followed and failure to follow them may result in liability **even though no constitutional issue is involved**. Consider the following pertinent excerpts:

> "The primary rights of offenders under the state constitution are contained within the Declaration of Rights enumerated in [Louisiana Constitutional] Article 1 [and] do not stop at the front gate of a correctional facility. Offenders retain all of this state's constitutional rights except those that require modification or are restricted because of an offender's confinement...**Most of the offender's constitutional and statutory rights are both protected and outlined in Department of Corrections rules, Regulations and Institutional Posted Policies**. A Department regulation...spells out the guidelines a person must follow in the performance of his duty concerning a particular subject area. Constitutional rights, both federal and state, as well as court orders back many Department Regulations. **Other Department Regulations exceed legal requirements and are thus created rights that carry equal legal significance**. The employee has no discretion whether to follow Department Regulations or not. These are the rules of law and guide...personnel in the performance of their job. **Those who ignore regulations and use actions different from them, run the risk of breaking the law and violating an offender's rights**...A lawsuit will also likely result as federal courts have ruled that regulations must be followed and failure to follow them may result in liability *even though no constitutional issue is involved*. [Emphasis Supplied].

The LSP has acknowledged in its Employee Training Manual that state-created rights by virtue of policies are legally no less significant than those extended though statutes or the constitution. DPS&C policies are designed to protect "most of the offender's constitutional and statutory rights...[as]...outlined in Department of Corrections rules, Regulations and

15

Institutional Posted Policies." The Manual acknowledges that "those who ignore regulations and use actions different from them, run the risk of...violating an offender's rights...and failure to follow them may result in liability even though no constitutional issue is involved."

Appellant urges this Court vacate the judgment of dismissal.

This is an arbitrary abuse of power and this Court should reverse the decision of the DPS&C. The extension of this state-created liberty interest and expectation is protected by **La. Const. Art. I, Section 2**, which requires that: "No person shall be deprived of life, liberty, or property, except by the due process of law".

This argument is supported by both Louisiana and United States Supreme Court case law. **Frederick v. Ieyoub**, 762 So.2d 144, 147 (La. App. 1 Cir. 2000); **Sandin v. Conner**, 515 U.S. 472, 115 S.Ct. 2293, which held that once prisoners are given a right through statute and or policy, it is protected by **U.S. Const. Amend. 14**.

"Shall" is mandatory language. **Gregor v. Argenot Great Cent. Ins. Co.**, 01-1233, p.4 (La. App. 4 Cir. 2/6/02), 817 So.2d 152, 155, affirmed in pertinent part, reversed in part, 02-1138 (La. 5/20/03), 851 So.2d 959. "If the rules are stated in mandatory language, they must be obeyed and followed." **Fegan v. Lykes Bros. S.S. Co.**, 198 La. 312, 322, 3 So.2d 632, 635 (1941). **Schering Corp. v. Shalala**, 995 F.2d 1103 (D.C. Cir. 1993) requires that: "No matter what an agency has said in the past, or what it did not say, after [an] agency issues regulations it must abide by them."

In **Singleton v. Louisiana Department of Public Safety and Corrections**, 878 So.2d 555 (La. App. 1 Cir. 4/2/04), the Court addressed the Department's failure to follow it's own explicit guidelines, rules, and procedures and it states that "must" is mandatory language. "If

16

rules are stated in mandatory language, they must be obeyed and followed." Id.

The Court's decision in **Sims v. Wackenhut**, 708 So.2d 1140, 1142, 1997-1147 (La. App. 1 Cir. 2/20/98), requires that: "If the Department [has] failed to follow it's own procedural requirements, any questions regarding the completion of the process should...be strictly interpreted against it." Some form of notice and hearing, formal or informal, is required before deprivation of interests that cannot be characterized as de minimis. **U.S. Const. Amend. 14**. There is no question that the administrative action is unreasonable under the circumstances in the instant case.

The United States Fifth Circuit Court of Appeals recognized:

> "That prisoner complaints often seem annoying and insubstantial, and that the volume of such complaints faced by the district courts would try the patience of Job. Job-like patience, however, should be the judicial benchmark in this area. Technical rigidity in reviewing pleadings must be eschewed, and we must remain extremely tolerant of the juristically unlearned as they seek to articulate their belief they have suffered deprivations of...rights. Courts at both levels, as well as defendants, will be less harried if prisoner complaints are given an adequate initial examination, and the labels 'fails to state a cause of action' and 'frivolous' are applied only when a record is developed which justifies them." **Covington v. Cole**, 528 F.2d 1365, 1373 (C.A. 5 (Tex.) 1976).

### 8.    REQUEST FOR DECLARATIVE AND INJUNCTIVE RELIEF

Finally, the R&R has no mention of the request for relief based upon the DPS&C eschewing its own remedial processes in violation of the **Louisiana Administrative Code, Title 22, Section 325I**. Non-frivolous declarative and injunctive relief was requested.

The DPS&C and its agents must be brought to bear and held accountable under law if prisoners are to recognize law to be the solution to their grievances—as opposed to violence or anarchy. Prisoners who refuse to follow the rules pay the cost for their ill decisions. What is sauce for the goose is sauce for the gander. **Alerte v. McGinnis**, 898 F.2d 69 (7th Cir. 1990).

17